UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
EUGENE W. SIDNEY,                 :
                                  :
              Plaintiff,          :
                                  :
    - against -                   :      No. 03 Civ 830 (VM)
                                  :
TERRANCE L. WILSON, ROBERT        :      **DECISION AND ORDER**
BURTON and R. MURPHY,             :
                                  :
              Defendants.         :
                                  :
------------------------------X

**VICTOR MARRERO, United States District Judge.**

Plaintiff Eugene Sidney ("Sidney"), a prisoner at Elmira Correctional Facility in Elmira, New York, filed this action pro se against Corrections Officers Terrance Wilson ("Wilson") and Robert Burton ("Burton"), and Sergeant R. Murphy ("Murphy") (collectively "Defendants"),[1] alleging that they violated 42 U.S.C. § 1983 ("Section 1983") by using and/or permitting the use of excessive force against him.

Wilson and Burton filed the instant motion, pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), to dismiss Sidney's claims against Burton and Murphy on the grounds that those claims are barred by the statute of limitations. Wilson and Burton also move, pursuant to Federal

---

[1] At the time the motion to dismiss was filed, Wilson and Burton were represented in this action by the Attorney General of the State of New York. The Attorney General continues to represent Burton, but Wilson is now represented by the law firm of Cronin & Byczek, LLP, which was substituted for the Attorney General on May 18, 2005. As explained further below, Murphy has not yet been served and he is not represented in this action. Nevertheless, the instant motion argues that Sidney's claims against Murphy should be dismissed. Neither of the parties have provided Murphy's first name.

-1-

Rule of Civil Procedure 12(b)(5) ("Rule 12(b)(5)"), for dismissal of the claims against all three Defendants for failure to timely serve. For the reasons stated below, the Court grants the Rule 12(b)(6) motion, denies the Rule 12(b)(5) motion as it relates to Wilson, and declines to adjudicate that motion as it relates to Burton and Murphy.

## I. BACKGROUND[2]

Sidney commenced this action on October 23, 2002.[3] In the Complaint that Sidney filed at that time (the "Original Complaint"), he named only Wilson as a defendant. On July 11, 2003, Sidney filed an Amended Complaint adding Burton and Murphy as defendants. Sidney alleges in both Complaints that Defendants used and/or permitted the use of excessive force against him on November 30, 1999 at Sing Sing Correctional Facility in Ossining, New York, where Sidney was incarcerated at the time.

Specifically, Sidney alleges that Wilson and Burton assaulted him in response to what appears to have been a dispute regarding whether or not Sidney would be permitted to

---

[2] Unless otherwise noted, the following factual summary is derived from the allegations contained in the Complaint, dated October 23, 2002, and the Amended Complaint, dated July 11, 2003.

[3] Sidney filed a previous complaint against Wilson regarding the same factual allegations on November 13, 2001. On May 24, 2002, that action was dismissed without prejudice for failure to exhaust administrative remedies pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Sidney filed an administrative grievance on June 3, 2002, which was denied on June 27, 2002. Sidney appealed the denial of his grievance to the Central Office Review Committee (the "Review Committee") on July 2, 2002. The Review Committee affirmed the denial of the grievance on September 11, 2002.

visit the law library. Sidney makes the following allegations regarding the alleged assault:

> [Wilson] and the Gallery Officer threw me to the floor. They were trying to handcuff me for reasons I could not understand. . . . I was kicked and punched. Officer T. Wilson then kneed me in the head while my face was on the ground turned sideways. . . . I was screaming and hollering for the officer to release the pressure from the knee. Finally I was handcuffed. Within minutes, I was escorted to the emergency room.

(Complaint dated October 23, 2002 ("Compl.") ¶ IV.)

In the Amended Complaint, Sidney identifies the "Gallery Officer" referred to above as Burton and states that Murphy was present during the alleged assault. Sidney states in both Complaints that he sustained the following injuries as a result of the alleged assault: "1) Superficial laceration to the brow. 2) Superficial bruise to left eye brow. 3) Pain to left rib cage - no bruising noted." (Compl. ¶ IV-A.) Sidney states that, after the alleged assault, Burton took him to the emergency room, where his alleged injuries "were applied with ice." (Id.)

## II. **DISCUSSION**

A. STATUTE OF LIMITATIONS

Defendants argue that Sidney's claims against Burton and Murphy should be dismissed pursuant to Rule 12(b)(6) on the grounds that they are barred by the statute of limitations.[4]

---

[4] Defendants do not argue that Sidney's claims against Wilson are time barred. Nevertheless, the Court notes that those claims were timely filed. As explained in the text above, the three-year statute of limitations began to run on November 30, 1999, when Sidney became aware of his alleged injuries. Sidney filed the Original Complaint, naming Wilson

In adjudicating a Rule 12(b)(6) motion to dismiss, the Court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in favor of the non-moving party. See Securities Investor Protection Corp. v. BDO Seidman, LLP, 222 F.3d 63, 68 (2d Cir. 2000). Dismissal of a case under Rule 12(b)(6) "is inappropriate unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." Raila v. United States, 355 F.3d 118, 119 (2d Cir. 2004) (citation omitted). In addition, because Sidney is a pro se plaintiff, his "pleadings should be read liberally and interpreted 'to raise the strongest arguments that they suggest.'" Jafri v. Rosenfeld, No. 04 Civ. 2457, 2005 WL 991784, at *3 (S.D.N.Y. Apr. 26, 2005) (quoting McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999)).

"The statute of limitations for a [Section] 1983 claim is generally the applicable state-law period for personal-injury torts." City of Rancho Palos Verdes, Cal. v. Abrams, 125 S. Ct. 1453, 1460 n.5 (2005) (citing Wilson v. Garcia, 471 U.S. 261, 275, 276; Owens v. Okure, 488 U.S. 235, 240-241 (1989)). In New York, the statute of limitations for personal injury actions is three years. See N.Y. C.P.L.R. § 214(5). The limitation period for actions brought under Section 1983

---

as a defendant, on October 23, 2002, approximately one month before the limitation period expired.

begins to run when the plaintiff knows or has reason to know of the alleged injury. See Ormiston v. Nelson, 117 F.3d 69, 71 (2d Cir. 1997). Sidney became aware of the injuries that form the basis of this action at the time they were allegedly inflicted, on November 30, 1999. Therefore, Sidney's deadline for filing a complaint against Burton and Murphy was November 30, 2002.

For pro se incarcerated plaintiffs, a federal complaint is deemed filed when the plaintiff gives the complaint to prison officials to be mailed to the court. See Fernandez v. Artuz, 402 F.3d 111, 114 n.2 (2d Cir. 2005); Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993). Sidney dated his signature on the Amended Complaint, which named Burton and Murphy as defendants for the first time, July 11, 2003, approximately seven-and-a-half months after the limitation period expired.

Based on the record before the Court, there are no grounds on which the limitation period for Sidney's claims against Burton and Murphy may be equitably tolled or otherwise extended. Nor, as Defendants argue, is there any basis on which to find that the Amended Complaint "relates back" to the Original Complaint pursuant to Federal Rule of Civil Procedure 15(c) ("Rule 15(c)"). Rule 15(c) allows amended pleadings to "relate back," for statute of limitations purposes, to the date on which the original pleadings in a case were filed if:

    (1) relation back is permitted by the law that provides

the statute of limitations applicable to the action, or

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Thus, subsections (1) and (3) of Rule 15(c) govern the relation back of newly added parties, as opposed to newly added claims and defenses, which are governed by subsection (2). The Amended Complaint adding Burton and Murphy does not relate back to the Original Complaint under either of the relevant subsections.

Under Rule 15(c)(3), in order for a complaint adding new parties to relate back to an original complaint, the omission of the added parties from the original must be the result of "a mistake concerning the identity of the proper party," Fed. R. Civ. P. 15(c)(3)(B), to name as a defendant. As Defendants point out, the Second Circuit has held that, "even when a suit is brought by a pro se litigant, 'an amended complaint adding new defendants [cannot] relate back if the newly-added defendants were not named originally because the plaintiff did

-6-

not know their identities.'" Tapia-Ortiz v. Doe, 171 F.3d 150, 152 (2d Cir. 1999) (quoting Barrow v. Wethersfield Police Dept., 66 F.3d 466, 470 (2d Cir. 1995)). Such amendments do not satisfy Rule 15(c)'s requirement that the omission of the newly-added party be the result of "a mistake concerning the identity of the proper party," Fed. R. Civ. P. 15(c)(3)(B), because they "seek[] to correct a lack of knowledge, rather than a mistake of fact or law." Vineyard v. County of Nassau, 329 F. Supp. 2d 364, 369 (E.D.N.Y. 2004). As explained in the Advisory Committee Notes to the 1991 Amendment to Rule 15(c)(3), that provision was revised to address "the problem of the misnamed defendant." Fed. R. Civ. P. 15(c)(3) advisory committee's note (1991 Amendment). The Advisory Committee Notes also refer to the sort of mistake intended to be remedied by Rule 15(c)(3) as a "misnomer or misidentification," and describe amendments made to complaints pursuant to that Rule as "name-correcting" amendments. Id. Thus, Second Circuit doctrine as well as the Advisory Committee Notes counsel against interpreting ignorance of a party's name as a "mistake" under Rule 15(c).[5]

---

[5] As one court in this District has pointed out, however, this interpretation of Rule 15(c) does not imply that new parties can never be added to an action after the statute of limitations has run unless the omission of those parties from the original complaint resulted from a mistake, and not from a lack of knowledge of their identity. In Byrd v. Abate, 964 F. Supp. 140 (S.D.N.Y. 1997), an incarcerated plaintiff filed a Section 1983 action against officers of the New York City Department of Corrections and others. Because the plaintiff did not know the name of one of the officers whom he sought to sue, he named that officer as "John Doe, Correction Officer." The named defendants were represented by New York City's Corporation Counsel. The plaintiff requested that Corporation

-7-

Sidney's omission of Burton and Murphy from his original Complaint appears to have resulted from a lack of knowledge of their names, rather than the sort of mistake contemplated by Rule 15(c).[6]  Sidney referred to Burton and Murphy in his description of the alleged Section 1983 violation in the Original Complaint by their titles, "Gallery Officer" and "Area Supervisor."  (Compl. ¶ IV.)  Sidney's use of their titles in the Original Complaint suggests that he did not know their names at the time he filed that Complaint.  In any case, Sidney does not claim, and there is no basis in the record -- even read in the light most favorable to Sidney -- on which the Court may find, that the omission of those defendants from the Original Complaint was the result of a mistake on Sidney's part.  Therefore, the Court concludes that the Amended

---

Counsel provide him with the name, or with discovery material from which he could determine the name, of the John Doe officer "well before the end of the limitations period."  Byrd, 964 F. Supp. at 145.  Corporation Counsel, however, did not provide the name of that officer or relevant discovery materials until after the limitations period had run.  The Byrd court found that, in light of these circumstances, and because the identity of the officer in question was "uniquely within the knowledge of Corporation Counsel," "[t]o hold that Rule 15(c) does not permit relation back in such circumstance would permit defense counsel to eliminate claims against any John Doe defendant merely by resisting discovery requests until the statute of limitations has ended."  Id. at 146.

There is no indication in the instant case that information concerning Burton's or Murphy's identity was uniquely in the possession of defense counsel or that defense counsel or others have failed to respond to requests by Sidney to obtain Burton's or Murphy's names.  Therefore, Byrd does not support a finding that Sidney's Amended Complaint relates back to the filing date of his Original Complaint.

[6] Sidney did not respond to Defendants' Motion to Dismiss.  None of his submissions to the Court explain why he did not name Burton and Murphy as defendants earlier, nor do they state whether or not Sidney made any efforts to determine Burton's and Murphy's names or how he eventually discovered their names.

Complaint does not satisfy the requirement of Rule 15(c)(3) that the omission of the newly-added defendants be the result of a mistake by the plaintiff, and hence that it does not relate back to the Original Complaint pursuant to that subsection.

Nor does Sidney's Amended Complaint satisfy the criteria for relation back under Rule 15(c)(1). As stated above, that provision permits relation back if "the law that provides the applicable statute of limitations," Fed. R. Civ. P. 15(c)(1), permits relation back. The relation back provision of the law that contains the applicable statute of limitations in this case, the New York Civil Practice Law and Rules (the "C.P.L.R."), states that, "[i]n an action which is commenced by service, a claim asserted in the complaint is interposed against the defendant or a co-defendant united in interest with such defendant when: 1. the summons is served upon the defendant." N.Y. C.P.L.R. § 203(b)(1) (2005).

New York courts have interpreted this provision to require, like Rule 15(c)(3), that the plaintiff's failure to identify the newly-added party in the original complaint be the result of a mistake. See Lieber v. Village of Spring Valley, 40 F. Supp. 2d 525, 532 (S.D.N.Y. 1999) (citing Buran v. Coupal, 661 N.E.2d 978, 982 (N.Y. 1995); Mondello v. New York Blood Center-Greater New York Blood Program, 604 N.E.2d 81, 85 (N.Y. 1992)). The New York Court of Appeals has stated

-9-

that the C.P.L.R.'s relation back rule is "patterned largely after the Federal relation back rule." Buran, 661 N.E.2d at 982 (N.Y. 1995). "Further, district courts in this [C]ircuit have found that New York's relation back law employs a similar standard as the federal rule." Sepulveda v. City of New York, No. 01 CV 3117, 2003 WL 22052870, at *3 n.4 (S.D.N.Y. Sept. 2, 2003) (citing Bass v. World Wrestling Fed'n Entm't, 129 F. Supp. 2d 491, 508 n.13 (E.D.N.Y. 2001); Corcoran v. New York Power Auth., 935 F. Supp. 376, 393 (S.D.N.Y. 1996); Morse/Diesel v. Fidelity and Deposit Co., No. 86 CV 1494, 1995 WL 358627, at *10 n.5 (S.D.N.Y. June 15, 1995)). Therefore, the facts in Sidney's case do not satisfy the requirements of the C.P.L.R.'s relation back rule for the same reason that they do not satisfy the requirements of the federal rule, i.e. because there is no basis on which to find that the omission of Burton and Murphy from the Original Complaint resulted from a mistake. Accordingly, the Court concludes that Sidney's claims against Burton and Murphy must be dismissed on the grounds that they are barred by the statute of limitations.

B. FAILURE TO PROPERLY SERVE

Burton and Murphy further argue that Sidney's claims against all three Defendants should be dismissed, pursuant to Rule 12(b)(5), on the grounds that none of the Defendants was timely served. Federal Rule of Civil Procedure 4(m) ("Rule 4(m)") sets a 120-day deadline for plaintiffs to serve

defendants with process after filing a complaint.[7]  Courts, however, have discretion to extend this deadline. See Fed. R. Civ. P. 4(m).  In addition, "if the plaintiff shows good cause for the failure, the court *shall* extend the time for service for an appropriate period." Id. (emphasis added).

Because the Court has already determined that the claims against Burton and Murphy are time barred, the Court will consider Defendants' Rule 12(b)(5) motion only as it relates to Wilson.[8]  As stated above, for pro se incarcerated plaintiffs, a federal complaint is deemed filed when the plaintiff gives the complaint to prison officials to be mailed to the court. See Fernandez, 402 F.3d at 114 n.2 (2d Cir. 2005); Dory, 999 F.2d at 682 (2d Cir. 1993).  Sidney dated his signature on the Original Complaint October 23, 2002.  Assuming that Sidney gave the Complaint to prison officials the same day,[9] his deadline for serving Wilson, the only

---

[7] Rule 4(m) provides in pertinent part: "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."

[8] The record in this case shows that Sidney signed a United States Marshals Service Process Receipt and Return form for Burton and Murphy on January 9, 2004, approximately six months after he filed the Amended Complaint (July 11, 2003), and approximately two months after the 120-day deadline expired.  Sidney has not addressed the reason for this delay.  The record also shows that Burton was served on March 8, 2004 and that, on the same date, the Marshals Service determined that Murphy was no longer employed at Sing Sing.  There is no indication in the record of any further attempts to serve Murphy.

[9] Sidney must have given the Original Complaint to prison officials the same day that he signed it or very soon thereafter because it bears a stamp indicating that it was received by the Pro Se Office on October 28,

-11-

defendant named in that Complaint, was February 20, 2003. The record does not reflect any attempt by Sidney to serve Wilson until April 7, 2003, the date on which Sidney signed a United States Marshals Service Process Receipt and Return form (the "Service Form") requesting that Wilson be served. The record further reflects that the Marshals Service, though it received the Service Form on April 10, 2003, did not attempt to serve Wilson until July 23, 2003 and that, at that time, Wilson could not be located. Nevertheless, the Court finds that there was good cause for Sidney's failure to serve Wilson within 120 days of filing the Complaint against him and, therefore, that Sidney's claim against Wilson should not be dismissed.

"There are no set guidelines for what constitutes 'good cause' under Rule 4(m)." La Bounty v. Lee, No. 89-CV-027, 1994 WL 378479, at *2 (N.D.N.Y. July 15, 1994) (citing Gordon v. Hunt, 116 F.R.D. 313 (S.D.N.Y. 1987), *aff'd*, 835 F.2d 452 (2d Cir. 1987)). Rule 4(m)'s 120-day deadline for serving defendants "is not strictly enforced in pro se prisoner cases." Shomo v. City of New York, No. 03 Civ. 10213, 2005 WL 756834, at *3 (S.D.N.Y. Apr. 4, 2005) (citing Carney v. Davis, No. 90 Civ. 2591, 1991 WL 150537, at *3 (S.D.N.Y. July 26, 1991) (declining to dismiss pro se prisoner's action despite three and one-half years delay in service)).

---

2002.

Sidney has not addressed the reason for the delay in serving Wilson. Although Sidney bears the burden of proving the adequacy of service once it has been challenged, Preston v. New York, 223 F. Supp. 2d. 452, 466 (S.D.N.Y. 2002), the Court may take judicial notice of facts contained in the record in adjudicating a motion to dismiss. See Patrowicz v. Transamerica HomeFirst, Inc., 359 F. Supp. 2d 140, 144 (D.Conn. 2005) ("[I]n ruling on a motion to dismiss, a court . . . may consider . . . 'matters of which judicial notice may be taken.'" (quoting Brass v. Am. Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993)); Hong Mai Sa v. Doe, 406 F.3d 155, 158 (2d Cir. 2005) (noting that the court may take judicial notice of court files).

The record before the Court shows that much of the delay in serving Wilson can be attributed to the amount of time it took the Court's Pro Se Office to process Sidney's Complaint. Although Sidney signed the Complaint on October 23, 2002, and the Complaint bears a stamp indicating that is was received by the Pro Se Office on October 28, 2002, it was not filed with the Clerk's Office until February 5, 2003, at which time the summons was issued. This delay in transmitting Sidney's Complaint to the Clerk's Office appears to have been the result of a delay in approving Sidney's application to proceed in forma pauperis. That application, though filed with the Complaint in October 2002, was not granted until January 31,

2003. Federal Rule of Civil Procedure 4(c)(1) requires that a summons be served together with a copy of the complaint. Therefore, Sidney could not have properly served Wilson until after February 5, 2003, when the summons was issued.

The Advisory Committee Notes for Rule 4(m) advise courts to "take care to protect pro se plaintiffs from consequences of confusion or delay attending the resolution of an in forma pauperis petition." Fed. R. Civ. P. 4, advisory committee notes (1993 Amendments, Subdivision (m)). In addition, other district courts in this Circuit have held that "the time to effect service should be tolled while an in forma pauperis motion is pending--at least where . . . the motion is granted." Kavazanjian v. Rice, No. 03-CV-1923, 2005 WL 1377946, *2 (E.D.N.Y. June 6, 2005) (citing Toliver v. Sullivan County, 841 F.2d 41, 42 (2d Cir. 1988)). Therefore, the Court finds that the period during which Sidney's in forma pauperis application was pending should not be counted against the 120-day service period. If that period of time (100 days) is subtracted from the total amount of time between the filing of the complaint (on October 23, 2002) and the Marshals Service's receipt of the Service Form (April 10, 2003), Sidney may be deemed to have sought the assistance of the Marshals Service in serving Wilson sixty-nine days after filing the

Complaint.[10]

Although the Marshals Service did not succeed in serving Wilson with the Original Complaint, that failure does not bar Sidney from maintaining the instant action. "For plaintiffs proceeding in forma pauperis . . . , the Marshal's Office -- not the plaintiff -- is primarily responsible for effecting service." Kavazanjian, 2005 WL 1377946, *2 (citing 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [in forma pauperis] . . . cases.")). "So long as . . . a prisoner provides the information necessary to identify the defendant, courts have uniformly held that the Marshals' failure to effect service automatically constitutes good cause within the meaning of Rule 4(m)." Ruddock v. Reno, No. 00-0179, 2004 WL 1496898, at *2 (2d Cir. July 1, 2004) (unpublished summary order) (citing Moore v. Jackson, 123 F.3d 1082, 1085-86 (8th Cir. 1997); Byrd v. Stone, 94 F.3d 217, 220 (6th Cir. 1996); Dumaguin v. Sec'y

---

[10] Sidney signed the in forma pauperis application on the same day that he signed the Original Complaint, October 23, 2002. It appears that Sidney provided the application to prison officials for mailing on or soon after the day that he signed it, as the Pro Se Office received it on October 28, 2002. Therefore, pursuant to the rule that the filing date for pro se incarcerated plaintiffs is the date on which the plaintiff gave the document to be filed to prison officials, the in forma pauperis application may be considered to have been filed on October 23, 2002. The in forma pauperis application was granted on January 31, 2003 -- 100 days after it was filed. The total amount of time between the date the Original Complaint was filed (October 23, 2002) and the date the Marshals Service received the Service Form requesting that Wilson be served (April 10, 2003) is 169 days. Subtracting from that number the period of time during which the in forma pauperis application was pending (100 days), Sidney may be deemed to have sought the assistance of the Marshals Service in serving Wilson sixty-nine days after filing the Original Complaint.

of HHS, 28 F.3d 1218, 1221 (D.C. Cir. 1994); Puett v. Blandford, 912 F.2d 270, 276 (9th Cir. 1990); Sellers v. United States, 902 F.2d 598, 602 (7th Cir. 1990)). Sidney properly specified Wilson's address at Sing Sing in the Service Form. The Marshals Service noted on the Service Form that it was "unable to locate T. Wilson" at that address, apparently indicating that Wilson was no longer employed by Sing Sing.[11]

The fact that the Marshals Service was unable to locate Wilson at the address provided by Sidney, though, does not prevent the Court from finding that there was good cause for Sidney's failure to timely serve Wilson. Rather, courts in this Circuit have found that, in order to discharge their service obligations, pro se incarcerated plaintiffs need not provide the Marshals Service with a current address for the parties to be served. See Ruddock, 2004 WL 1496898, at *2 ("The record shows that, despite the fact that [the plaintiff] adequately identified [the defendants] in a completed summons, the Marshals Service returned the summons unexecuted because [the defendants] were employed at a different correctional facility than FCI Ray Brook. The responsibility for the failed service therefore lies with the Marshals Service, not with [the plaintiff]."); Muhammad v. Coughlin, No. 89 Civ.

---

[11] As explained below, the Marshals Service eventually determined that Wilson has been suspended from his employment at Sing Sing without pay.

5088, 1994 WL 68168, at *3 (S.D.N.Y. March 1, 1994) (finding good cause for delay in serving defendants where "the delays by the Marshals in completing service, whether for difficulties in determining the appropriate addresses for particular defendants no longer at Sing Sing, or simply because of the high volume of requests, [did] not evidence dilatory behavior on the part of this pro se prisoner, proceeding in forma pauperis.") (citing Romandette, 807 F.2d at 311)).

In addition, though the Marshals Service never served Wilson with the Original Complaint in this action, it did serve him with the Amended Complaint. Sidney provided the Marshals Service with a second Service Form for Wilson, which the Marshals Service received on February 2, 2004.[12] Notes on that Service Form indicate that an employee at Sing Sing, Katie Fish, accepted service on behalf of Wilson on March 8, 2004, and state that Wilson had been suspended without pay and that the Summons and Complaint would be mailed to the address that Sing Sing had on file for Wilson. Moreover, Wilson has retained private counsel to represent him in this matter, and therefore has clearly received actual notice of it. The Second Circuit has advised that "Rule 4 of the Federal Rules is to be construed liberally 'to further the purpose of

---

[12] Prior to filing a second Service Form, Sidney wrote to the Court on September 8, 2003 requesting assistance in locating Wilson.

finding personal jurisdiction in cases in which the party has received actual notice.'"  Romandette, 807 F.2d at 311.

For these reasons, the Court concludes that there is good cause for Sidney's failure to serve Wilson before the 120-day service deadline and therefore denies Defendants' Rule 12(b)(5) motion to dismiss as it relates to Wilson.

## IV. ORDER

For the reasons set forth above, it is hereby

**ORDERED** that the motion of Corrections Officers Terrance Wilson ("Wilson") and Robert Burton ("Burton") to dismiss the instant complaint as it relates to Burton and Sergeant R. Murphy ("Murphy") based on the running of the statute of limitations is GRANTED; and it is further

**ORDERED** that the motion of Wilson and Burton to dismiss the instant complaint based on failure to properly serve is DENIED with regard to Wilson.

The parties are directed to confer and submit to the Court by July 29, 2005 a proposed Case Management Plan setting forth an agreed upon schedule to govern discovery and other pretrial proceedings.  The Court will refer the case to the

designated Magistrate Judge to supervise compliance with the Case Management Plan.

**SO ORDERED.**

Dated: New York, New York
       23 June 2005

                                    Victor Marrero
                                       U.S.D.J.