```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
EUGENE SIDNEY,                      :

                Plaintiff,          :   03 Civ. 830 (HP)

     -against-                      :   MEMORANDUM OPINION
                                        AND ORDER
C.O. T. WILSON, et al.,             :

                Defendants.         :
-----------------------------------X
```

PITMAN, United States Magistrate Judge:

By notice of motion dated June 26, 2006 (Docket Item 37) plaintiff, who is incarcerated, moves for pro bono counsel.[1] For the reasons set forth below, the motion is denied without prejudice to renewal.

The factors to be considered in ruling on a motion for pro bono counsel are well settled and include "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, [plaintiff's] efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts

---

[1] In a civil case, such as this, the Court cannot actually "appoint" counsel for a litigant. Rather, in appropriate cases, the Court submits the case to a panel of volunteer attorneys. The members of the panel consider the case, and each decides whether he or she will volunteer to represent the plaintiff. If no panel member agrees to represent the plaintiff, there is nothing more the Court can do. See generally Mallard v. United States District Court, 490 U.S. 296 (1989). Thus, even in cases where the Court finds it is appropriate to request volunteer counsel, there is no guarantee that counsel will actually volunteer to represent plaintiff.

and deal with the issues if unassisted by counsel." <u>Cooper v. A. Sargenti Co.</u>, 877 F.2d 170, 172 (2d Cir. 1986). Of these, "[t]he factor which command[s] the most attention [is] the merits." <u>Id</u>. <u>Accord</u> <u>Odom v. Sielaff</u>, 90 Civ. 7659 (DAB), 1996 WL 208203 (S.D.N.Y. April 26, 1996). As noted fifteen years ago by the Court of Appeals:

> Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent.

<u>Cooper v. A. Sargenti Co.</u>, <u>supra</u>, 877 F.2d at 174. <u>See</u> <u>also</u> <u>Hendricks v. Coughlin</u>, 114 F.3d 390, 392 (2d Cir. 1997) ("'In deciding whether to appoint counsel . . . the district judge should first determine whether the indigent's position seems likely to be of substance.'").

     For purposes of resolving the present motion, I am willing to assume that plaintiff lacks the financial resources to retain counsel and that due to his being an incarcerated inmate, plaintiff has limited abilities to gather the evidence without the assistance of counsel. Nevertheless, the present application contains no information concerning either plaintiff's efforts to find counsel on his own or the merits of the case. This is an excessive force case in which plaintiff alleges that defendants Wilson and Burton assaulted him in a dispute over plaintiff's

2

access to a prison law library. See generally Sidney v. Wilson, 228 F.R.D. 517, 518 (S.D.N.Y. 2005). Information that might shed light on the merits of plaintiff's claim would include information concerning the existence of either medical reports concerning the alleged assault, disinterested witnesses who would corroborate plaintiff's version of the facts or documentary evidence tending to corroborate plaintiff's version of the facts. I am not suggesting that such evidence is essential in order for plaintiff to prevail; it clearly is not. 7 Wigmore, Evidence § 2034 (Chadbourne rev. 1978) ("In general, the testimony of a single witness, no matter what the issue or who the person, may legally suffice as evidence upon which the jury may found a verdict."); see United States v. Frampton, 382 F.3d 213, 222 (2d Cir. 2004) (the testimony of a single witness can prove a proposition beyond a reasonable doubt). Nevertheless, such evidence, if it exists, would clearly strengthen plaintiff's case.

  I am also cognizant of the fact that plaintiff's status as an incarcerated inmate limits his ability to gather evidence concerning the merits of his claim, and I am not trying to set standards that are necessarily impossible for defendant to meet. Nevertheless, plaintiff's motion papers do not even suggest the existence of any independent corroborating evidence. If plaintiff's word alone were a showing of merit sufficient to have the case added to the list of cases submitted to the court's Pro Bono

3

Panel, virtually all pro bono cases that are not frivolous on their face would have to be added to the list.

Accordingly, plaintiff's motion for counsel is denied without prejudice to renewal. Any renewed motion should be accompanied by an affidavit addressing plaintiff's efforts to find counsel on his own and the merits of plaintiff's claim.

Dated: New York, New York
       October 4, 2006

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

Copies mailed to:

Mr. Eugene Sidney
94-A-0600
Great Meadow Correctional Facility
Box 51
Comstock, New York  12821

Linda M. Cronin, Esq.
Cronin & Byczek, LLP
Suite 227
1981 Marcus Avenue
Lake Success, New York  11042-1055

4