```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
EUGENE SIDNEY,                      :
                Plaintiff,          :    03 Civ. 830 (HP)
     -against-                      :    MEMORANDUM OPINION
                                         AND ORDER
C.O. T. WILSON,                     :
                Defendant.          :
-----------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-31-09

PITMAN, United States Magistrate Judge:

By notice of motion dated June 17, 2008 (Docket Item 68) plaintiff, who is incarcerated, moves, for the third time, for pro bono counsel.[1] For the reasons set forth below, the motion is granted.

The factors to be considered in ruling on a motion for pro bono counsel are well settled and include "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, [plaintiff's] efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts

---

[1] In a civil case, such as this, the Court cannot actually "appoint" counsel for a litigant. Rather, in appropriate cases, the Court submits the case to a panel of volunteer attorneys. The members of the panel consider the case, and each decides whether he or she will volunteer to represent the plaintiff. If no panel member agrees to represent the plaintiff, there is nothing more the Court can do. See generally Mallard v. United States District Court, 490 U.S. 296 (1989). Thus, even in cases where the Court finds it is appropriate to request volunteer counsel, there is no guarantee that counsel will actually volunteer to represent plaintiff.

and deal with the issues if unassisted by counsel." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1986). Of these, "[t]he factor which command[s] the most attention [is] the merits." Id. Accord Odom v. Sielaff, 90 Civ. 7659 (DAB), 1996 WL 208203 (S.D.N.Y. April 26, 1996). As noted fifteen years ago by the Court of Appeals:

> Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent.

Cooper v. A. Sargenti Co., supra, 877 F.2d at 174. See also Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) ("'In deciding whether to appoint counsel . . . the district judge should first determine whether the indigent's position seems likely to be of substance.'").

The alleged facts that give rise to the present action are set forth in my Opinion and Order dated November 20, 2007 Opinion and Order which denied the motion of the sole remaining defendant, Corrections Officer Terrance Wilson, for summary judgment. Familiarity with that Opinion and Order is assumed. In short, this is an action by an inmate alleging that excessive and unnecessary force was used to subdue him. As explained in my November 20, 2007 Opinion and Order, there are numerous questions of fact that can only be resolved by way of trial.

2

Plaintiff's current application establishes that (1) plaintiff has made diligent efforts to locate counsel on his own; (2) plaintiff lacks the financial resources to retain counsel and (3), based on the totality of plaintiff's recent submissions to my Chambers, there are doubts concerning plaintiff's ability to try this case unaided by counsel. In addition, the record establishes that there is conflicting evidence in this case and that the evidence favoring plaintiff is sufficient to give rise to issues of fact concerning the alleged assault on plaintiff.

In light of the foregoing factors, I conclude that this matter should be added to then list of cases circulated to the Pro Bono Panel. The Pro Se Clerk is, therefore, directed to add this matter to the list of cases circulated to the Court's Pro Bono Panel.

As noted in footnote one above, there can be no guarantee that an attorney will volunteer to represent plaintiff. By Order of even date, the trial of this matter is being tentatively scheduled for October 19, 2009. If no counsel volunteers to represent plaintiff, plaintiff must be ready to proceed on his own on that date.

Accordingly, for all the foregoing reasons, plaintiff's application to have his case added to the list of cases circulated to the Court's Pro Bono Panel is granted. Nevertheless, if

no attorney volunteers, plaintiff must be prepared to try this matter on his own commencing on October 19, 2009.

Dated:  New York, New York
        March 31, 2009

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies mailed to:

Mr. Eugene Sidney
DIN 94-A-0600
Attica Correctional Facility
Exchange St
Attica, New York 14011-0149

Linda M. Cronin, Esq.
Cronin & Byczek, LLP
Suite 227
1981 Marcus Avenue
Lake Success, New York  11042-1055